UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARUTI HOPSON, | CASE NO. C13-2279-MJP |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| JEFFREY UTTECHT, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian Tsuchida, United States Magistrate Judge, regarding Baruti Hopson's habeas corpus petition under 28 U.S.C. §2254. (Dkt. Nos. 1, 20.) The Court has reviewed the R&R, Mr. Hopson's objections (Dkt. No. 22), and all related papers. The Court ADOPTS the R&R.

**Background**

Baruti Hopson seeks 28 U.S.C. §2254 habeas relief from his 2010 Washington State convictions for two counts of promoting sexual abuse of a minor, one count of second degree assault, and three counts of third degree rape of a child. (Dkt. No. 6.) The R&R summarizes the

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

facts as presented at trial as well as the procedural history. (Dkt. No. 20 at 2-6.) The Court does not repeat them here.

In the R&R Judge Tsuchida recommended this Court dismiss the petition and deny the issuance of a certificate of appealability. (Dkt. No. 20 at 1.) Mr. Hopson filed objections to the R&R. (Dkt. No. 22 at 1.) He asserts several theories. First, he argues claims 1 and 2 in the petition are not procedurally barred. (Id. at 3.) Second, he argues Judge Tsuchida erred in respect to the performance of his trial counsel on several evidentiary issues. (Id. at 9-16.) Third, Mr. Hopson claims his counsel was ineffective on appeal by failing to raise certain issues. (Id. at 17.)

**Discussion**

A. Legal Standard

A person in state custody may request that a federal court determine if his continued imprisonment violates the U.S. Constitution. 28 U.S.C. § 2254. The petitioner must show that the state court judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or…resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). The petitioner carries the burden of establishing by clear and convincing evidence that the presumptively correct state court decision, along with the court's underlying factual findings, are erroneous. § 2254(e)(1).

Section§ 2254 sets an "independent, high standard…before a federal court may issue a writ of habeas corpus to set aside state-court rulings." Uttecht v. Brown, 551 U.S. 1, 10 (2007). The pivotal issue under § 2254(d) is not whether constitutional error occurred, but whether the

1   state court's determination was objectively unreasonable. Harrington v. Richter, ⎯ U.S. ⎯,

2   ⎯⎯, 131 S.Ct. 770, 785 (2011). Federal habeas relief does not lie for mere errors of state law.

3   Estelle v. McGuire, 502 U.S. 62, 67 (1991). A federal habeas court "is limited to deciding

4   whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68.

5   Moreover, the petitioner must also demonstrate that the error caused actual and substantial

6   prejudice, causing a fundamentally unjust conviction. Brecht v. Abrahamson, 507 U.S. 619, 637

7   (1993).

8         Applying these well settled legal principals to Mr. Hopson's habeas petition, the Court

9   finds he has failed to meet the criteria for relief and adopts the R&R.

10     B.   Claims 1 and 2

11   First, Mr. Hopson challenges the R&R's finding that claims 1 and 2 have not been properly

12   exhausted. He argues the R&R misstates the law in the Ninth Circuit: "a petitioner is not

13   procedurally barred from federal habeas corpus if the state supreme court addresses and denies a

14   petitioner's claims." (Dkt. No. 22 at 1.)

15         Mr. Hopson's reliance on Leavitt v. Arave, 383 F.3d 809 (9th Cir. 2004), and Parker v.

16   Sec'y for Dept. of Corr., 331 F.3d 764 (11th Cir. 2003), is misplaced. In Leavitt, the Idaho

17   Supreme Court stated it had reviewed "all trial issues on the merits." Leavitt, 383 F.3d at 831.

18   No such blanket statement is contained in the decisions by Washington courts. And Judge

19   Tsuchida properly noted that Mr. Hopson's limited assertion of these claims at the state level did

20   not raise constitutional or federal issues. (Dkt. No. 20 at 9.) As such, this Court cannot review

21   whether the state court's decision is contrary to clearly established law. Nor is the Eleventh

22   Circuit's decision in Parker on point. In Parker, the Florida Supreme Court addressed a claim, in

23

24

spite of a procedural bar. Parker, 331 F.3d at 774. In contrast, Mr. Hopson did not raise these issues before Washington courts.

Even if that were not the case, Mr. Hopson does not show prejudice or a miscarriage of justice. (Dkt. No. 20 at 10.) By failing to do so, as the R&R correctly notes, Mr. Hopson's Claims 1 and 2 are not cognizable under section 2254. The Court ADOPTS the R&R on Claims 1 and 2 and finds them procedurally defaulted.

C. Claim 3

Next, Mr. Hopson challenges the R&R's recommendation as to claim 3, arguing the "reasonable belief" requirement in RCW 9A.44.030(2)(3)(c) should have been subject to an evidentiary hearing and not left to the jury. The premise of his claim is that by failing to request an evidentiary hearing, his counsel's performance was deficient. This argument is without merit. RCW 9A.44.030 is a defense to a charge of certain crimes, including the rapes the State charged Mr. Hopson with committing. But, such a defense is an issue for the jury, as Washington Pattern Jury Instructions make clear. See WPIC 19.04. Because the "reasonable belief" defense is a factual issue for the jury, the Court does not conclude that Mr. Hopson's trial counsel was deficient for not requesting an evidentiary hearing. The Court adopts the R&R on this claim.

D. Claim 4

Mr. Hopson also argues the R&R errs in finding his counsel's performance adequate in regard not challenging certain trial exhibits. Mr. Hopson argues his counsel should have sought an evidentiary hearing after the trial court admitted Exhibits 25 and 31. (Dkt. No. 22 at 9.) The Court finds the R&R correct: Petitioner fails to show the trial Court's admission of these

documents was incorrect, such that counsel's failure to request the evidentiary hearing prejudiced the Petitioner.

E. Claim 5

Petitioner also claims his appellate counsel was deficient for failing to raise his innocence on appeal. (Dkt. No. 22 at 17.) The R&R determined no prejudice could have resulted when Mr. Hopson raised his innocence on appeal in his statement of additional grounds. (Dkt. No. 20 at 14-16.) Indeed the state appellate courts considered, but rejected this argument. State v. Hopson, 170 Wn. App. 1012 (2012). The Court adopts the R&R on this claim too.

F. Certificate of Appealability

Mr. Hopson does not object to the R&R's recommendation that no certificate of appealability issue. (Dkt. No. 22.) The Court agrees with the R&R and finds Mr. Hopson's has failed to meet the requirements for a certificate of appealability. The Court DENIES the certificate of appealability.

**Conclusion**

The Court ADOPTS the R&R and DISMISSES Claims 1 and 2 for failure to properly exhaust those claims, and DENIES the remainder of the habeas petition on the merits without an evidentiary hearing. Mr. Hopson has failed to demonstrate that the state court adjudication of his claims was contrary to, or an unreasonable application of, established federal law, or was an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. 2254(d)(1)-(2). The Court also DENIES the issuance of a certificate of appealability.

//

//

//

1  The clerk is ordered to provide copies of this order to Judge Tsuchida and all counsel.

2  Dated this <u>5th</u> day of August, 2014.

                                  Marsha J. Pechman
                                  Chief United States District Judge